The Chief Justice
delivered the opinion of the court.
The principal question in this case is, whether, when a a mill dam has been erected in pursuance of the ‘‘act to reduce into one the several acts concerning mill dams and other obstructions in water courses,” the proprietor could be liable to an indictment for keeping.up and continuing the dam, if by the stagnation of the waters occasioned thereby, it should prove to be an annoyance to the health of the neighbors.
The act referred to, requires, on every application for leave to build a mill dam, a writ of ad quod clanmum to issue, and injoins the jury to enquire, among other things, whether, in their opinion, the health of the neighbors will, be annoyed by the stagnation of the waters; and if on the inquest, returned by the jury, or other evidence, it shall appear that the health of the neighbors will be annoyed, the court is expressly prohibited from giving leave to build the mill and dam, Where these steps have been taken, and the mill and dam hath been built, in pursuance of the order of the court granting leave to do so, within the time prescribed by the act, there can be no doubt that the proprietor cannot be liable to an indictment for a nuisance, notwithstanding the health of the neighbors may be annoyed by the stagnation of the waters, unless the legislature has saved to the commonwealth a right to prosecute such an indictment. But it is contended, this has been done by the eighth section of the act before mentioned. That section provides, that “The inquest of the said jurors, nevertheless, “or opinion of the court, shall not bar any prosecution, or “action, which any person would have had in law, had this “act never been made, other than for such injuries as were “actually foreseen and estimated by the said jury.”
While, on the one hand, it is contended that this section saves the right to the commonwealth to prosecute an in- *324 áictment for a nuisance, if the dam should occasion one °f a PU^'C nafure, as well as the right of action to individuals for such injuries as were not forseseen and estimated by the jury; it is on the other hand urged, that the provision of the section only extends to, and saves the rights of individuals.
If by erecting a mill-tWlth of ⅛6 neighbors is Einioyeu, in a manner not timTury the comiinmw’Ui may sustain for'Í^Ti'i* sanee', & the term “prose-cuno»” is em-'pfieá.bXt To the complaints of the commonw m.
Hardin for appellant, Bibb for appellee.
It must be confessed, that the language of the section is notas perspicuous as it might have been. We are not, however, of opinion that if ought to be so construed as to save only the rights of individuals. Such a limited construction would be to deny any effect to the word ‘⅜prosecution,” which *s USe(^ *n ^rst Part ^le sect'on’ an<l a construction rendering that word thus inoperative, would be directly contrary to the rule which requires such an exposition tobe given to a statute, that not only every clause, but every wor^i should have some operation and effect. Besides, though the term uprosecutionmay, according to the etymological signification, be applied as well to private actions, as to su*ts at H|e ‘nstance the commonwealth; yet, whcn-ever it' is used' as a denomination of the suit, it is applied to the latter only, according to the invariable acceptation 0f ([)e term, both by the learned and the unlearned. It is so applied i11 the 4th section of the 4th article of the constitution, and we are not aware that it has been otherwise app]ie(i ¡n/any statutory provision. As, therefore, the le-gjsiature }lad u§,ed the term in the section under consideration, we are bound to infer, not only that they meant something, but that they meant what is invariably understood by the term.
It follows, therefore, that if the dam, by the stagnation of the waters occasioned thereby, annoyed the health of the neighbors, the commonwealth may prosecute an indictment therefor, and that the circuit court erred in refusing so to instruct the jury, and in instructing them otherwise.
Judgment reversed, and cause remanded for new proceedings. ■ .